UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| Jonathon Ramos, <br><br> PLAINTIFF(S) <br> v. <br><br> Elizabeth Singleton, et al., <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 8:25-cv-00254-SPG-SSC <br><br> ORDER ON REQUEST TO PROCEED <br> *IN FORMA PAUPERIS* <br> (NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
    ☒ The action is frivolous or malicious.
    ☐ The action fails to state a claim upon which relief may be granted.
    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:



If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

February 28, 2025
Date

United States District Judge

CV-73 (07/22)   ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On February 10, 2025, Plaintiff filed a Civil Rights Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3). The Complaint alleges the following. Defendants used a "Long-Range Acoustic Device (LRAD) to broadcast slanderous messages at various locations, including Scripps Mercy Hospital, Euclid Terrace Apartments, the Edward J. Schwartz Federal Facility, and public spaces." (ECF No. 1 at 1). The LRAD has caused Plaintiff tinnitus. (Id.) Direct evidence will corroborate the LRAD incidents and the involvement of security guards repeating defamatory messages. (Id. at 2). Named individuals and government agencies also have been involved. (Id.). There have been "[u]nlawful detentions and harassment by individuals posing as officials." (Id.). A payment of $100,000 was made to "individuals involved in the harassment campaign." (Id.) There have been specific incidents of harassment at various locations. (Id.) There was "a conspiracy to commit murder" and "[o]ngoing harassment causing severe emotional distress and other physical injuries . . . ." (Id.) There have been "deepfakes, malice, fraud, oppression, human rights violations, and other illegal activities." (Id.)

Plaintiff has sent these allegations to several individuals, including the Justices of the United States Supreme Court and the California Supreme Court. (Id. at 3-4.) More than 100 Defendants, according to Plaintiff's Complaint, are involved. (Id. at 5-6.) Plaintiff seeks $25 million in damages. (ECF No. 1-1 at 1).

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As stated below, the Complaint is dismissed without leave to amend.

The Complaint is factually frivolous. When read together, Plaintiff's allegations of a scheme by individuals and government officials to harm or murder him are "clearly baseless" or "fanciful." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In that circumstance, the Court may "pierce the veil of the complaint's factual allegations" and "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Id. at 32; see also Bator v. State of Hawaii, 39 F.3d 1021, 1026 (9th Cir 1994) ("Denton is an exception to the general rule that a district court must accept factual allegations as true."). Here, "a finding of factual frivolousness is appropriate [because] the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. In a case with similar allegations, the Ninth Circuit denied a request to proceed in forma pauperis. See Visser v. Supreme Court of State of Cal., 919 F.2d 113, 114 (9th Cir. 1990) (denying in forma pauperis request for "diatribes alleging that various state and federal officials and entities have been involved in a wide-ranging international conspiracy to deny [petitioner] certain rights," including "to intimidate, kidnap, and attempt to kill him").

Finally, because the action is frivolous, leave to amend is not warranted. "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice.

*(attach additional pages if necessary)*